OPINION JUDGMENT ENTRY
{¶ 1} On August 6, 2002, appellant, George Fisher, was charged with endangering children in violation of R.C. 2919.22. Said charge arose from appellant leaving his children home alone, ages thirteen, ten and five.
 {¶ 2} A bench trial commenced on May 6, 2003. At the conclusion of the state's case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. By judgment entry filed May 30, 2003, the trial court denied said motion.
 {¶ 3} An amended complaint was filed on JuIy 3, 2003 substituting "recklessness" for "knowingly" regarding appellant's mental state. By judgment entry filed September 25, 2003, the trial court found appellant guilty. By judgment entry filed October 16, 2003, the trial court sentenced appellant to one hundred eighty days in jail, suspended in lieu of one year of probation.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred by overruling appellant's motion for acquittal made at the close of all evidence."
 II {¶ 6} "The conviction was against the manifest weight of the evidence."
 I, II {¶ 7} Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal, and his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 8} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 9} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a Judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 10} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 {¶ 11} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 12} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175.
See, also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 13} Appellant was convicted of endangering children in violation of R.C. 2919.22(A) which states as follows:
 {¶ 14} "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *"
 {¶ 15} Appellant was charged with the culpable mental state of "recklessness" which is defined in R.C. 2901.22(C) as follows:
 {¶ 16} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 17} In its judgment entry of September 25, 2003, the trial court found appellant "did commit the offense of Endangering Children * * * by recklessly leaving his children in Delaware County, Ohio without adequate supervision, which created a substantial risk to their health and safety."
 {¶ 18} Appellant argues his act of leaving his thirteen year old daughter in charge of her two siblings was not reckless.
 {¶ 19} Appellant left his three children, ages thirteen, ten and five, home alone. T. at 9. On the evening of July 27, 2002 at approximately 11:00 p.m., deputies from the Delaware County Sheriffs Office arrived at the home pursuant to a well-being check of children. T. at 8, 18. The deputies found the thirteen year old upstairs in the bedroom, intoxicated and unresponsive. T. at 12, 36-37. The thirteen year old was transported by ambulance to a hospital. T. at 12, 38. Thereafter, the deputies attempted to contact appellant using telephone numbers provided by the ten year old, but were unsuccessful in reaching him. T. at 14, 34. Appellant returned to the residence at approximately 12:30 a.m. T. at 17. Appellant had called around 10:00 p.m. and was told by the ten year old that the thirteen year old was drunk and passed out. T. at 20, 68. The thirteen year old's blood alcohol level taken at the hospital at approximately 12:35 a.m. was .249. T. at 40.
 {¶ 20} Appellant testified he asked his neighbors, fifteen year old Destiny Bright and her mother, Marsha Bright, to check on the children. T. at 148. Destiny testified she and her mother informed appellant they could not watch the children on the evening in question. T. at 83. The thirteen year old testified and admitted to being the one responsible for watching her siblings. T. at 137. She had been in trouble with the law in the past. In fact, she had left home on more than one occasion without permission, leaving her siblings unattended. T. at 165-166. Appellant was aware of his daughter's behavioral problems. T. at 166.
 {¶ 21} The evidence establishes appellant created a substantial risk to the health or safety of his children when he left the children home alone, late at night, knowing of the thirteen year old's problems in the past. He was unable to be reached, and did not act when he was informed of the thirteen year old's intoxicated state.
 {¶ 22} Upon review, we find sufficient credible evidence to overcome the Crim.R. 29 motion, and no manifest miscarriage of justice.
 {¶ 23} Assignments of Error I and 11 are denied.
 {¶ 24} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.